**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIMBERLY BALDACCI<br>2 Irving Street<br>Yardley, Pennsylvania 19067<br><br>*Plaintiff,*<br>v.<br><br>NEW JERSEY UROLOGY, LLC<br>1515 Broad Street<br>Suite 120<br>Bloomfield NJ 07003<br><br>*Defendant.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.     Introduction

1. Plaintiff Kimberly Baldacci (hereinafter "Plaintiff") seeks relief as the result of the wrongful termination of her employment with Defendant New Jersey Urology, LLC (hereinafter "Defendant") in violation of the provisions of the Pennsylvania Whistleblower Act (43 P.S. §§ 1421–1431) and other applicable law.

### II.    Parties

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania with a residence at the above address.

3. Plaintiff worked as a medical assistant for Defendant at its Langhorne, Pennsylvania location until her wrongful firing on April 16, 2021.

4. At all times relevant herein, Plaintiff was an "Employee" and a "Whistleblower" as those terms are defined in 43 P.S. § 1422.

5. Defendant is a New Jersey Limited Liability Corporation and a citizen of New Jersey with an address as captioned above.

6. Defendant is covered by the Pennsylvania Whistleblower Law because it is a for-profit corporation that receives monies from one or more public bodies.

7. At all times relevant hereto, Defendant acted through its agents, servants and employees, each of whom was in the scope of their employment.

### III.    Jurisdiction and Venue

8. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district (including operation of one or more medical offices in this judicial district) are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) because it is between citizens of different states and involves an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

11. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the

acts and omissions giving rise to the claims set forth herein (including specifically the termination of Plaintiff's employment) occurred exclusively in this judicial district.

### IV.     Factual Background

12. The foregoing paragraphs are incorporated as if set forth at length.

13. Plaintiff is a Registered Medical Assistant.

14. Defendant operates a medical practice specializing in urology.

15. At all times relevant hereto, Plaintiff was employed by Defendant as a medical assistant until her termination date as set forth above.

16. Plaintiff was terminated from the employ of Defendant because she made reports of "wrongdoing" (violations by Defendant and its agents of federal and/or state statutes and/or regulations) as that term is defined in 43 P.S.§ 1422 and/or reports of "waste" (conduct or omissions by Defendant and its agents which resulted in substantial abuse, misuse, destruction, or loss of funds belonging to or derived from Commonwealth or political subdivision sources) as that term is defined in 43 P.S. § 1422.

17. The reports made by Plaintiff included but were not limited to complaints to her supervisors of co-employees deliberately altering patient information in Defendant's computer systems, including information related to patient medical conditions and prescribed medications.

18. At all times relevant hereto, Defendant's agents and employees, including the managers who fired Plaintiff, were personally aware Plaintiff had made the foregoing reports and expressed animus toward her for so doing.

19. Plaintiff performed her job appropriately at all times relevant hereto.

20. There was no legitimate basis for Plaintiff's termination.

21. Defendant gave Plaintiff no legitimate reason for her termination.

## Count One – Pennsylvania Whistleblower Law Violations

22. The foregoing paragraphs are incorporated as if set forth at length.

23. In firing Plaintiff and engaging in other retaliatory action against her as a result of her reports of wrongdoing or waste, Defendant violated section 1423 of the Pennsylvania Whistleblower Law, which provides that:

> [n]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an incidence of wrongdoing or waste.

24. As a direct result of her termination by Defendant, Plaintiff has incurred lost wages, benefits, and other economic damages.

25. Plaintiffs is also entitled to actual damages, including damages for non-economic losses such as pain and suffering, mental anguish, humiliation, and loss of reputation, all of which are recoverable elements of damage under the Pennsylvania Whistleblower Law in light of the Pennsylvania Supreme Court's decision in *Bailets v. Pennsylvania Turnpike Commission,* No. J -91-2017 (Pa. March 27th, 2018).

26. Plaintiff is also entitled to equitable and injunctive relief, including reinstatement, removal of any discipline and/or false charges from her record, if applicable, and attorneys' fees and costs.

27. The instant action is timely filed within the six (6) month statute of limitations set forth in 43 P.S. § 1424.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), that she be awarded attorneys' fees and costs of suit, and that all other legal, injunctive and equitable relief that the Court deems just and proper be granted to her pursuant to 43 P.S.§ 1424(a) and other applicable law.

### Count Two – Wrongful Termination Of Employment

28. The foregoing paragraphs are incorporated as if set forth at length.
29. Defendant also wrongfully terminated Plaintiff's employment in violation of the public policies of the Commonwealth of Pennsylvania.
30. The public policies implicated by Plaintiff's wrongful termination include but are not limited to the anti-retaliation policy expressly embodied in the Pennsylvania MCARE Act, 40 P.S. § 1303.308.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), that she be awarded attorneys' fees and costs of suit, and that all other legal, injunctive and equitable relief that the Court deems just and proper be granted to her pursuant to 43 P.S.§ 1424(a) and other applicable law.

                        Respectfully submitted,

                        /S/ Wayne A. Ely
                        Wayne A. Ely, Esquire
                        59 Andrea Drive
                        Richboro, PA 18954
                        (215) 801-7979
May 28, 2021           Attorney for Plaintiff